UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
GREENSBORO DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| NCL Liquidation Corp., | ) | Case No. 04-13449 |
| | ) | |
| Debtor | ) | |
| | ) | |
| Natural Care Labs, Inc., | ) | Adversary No. 05-2078 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| Medline Industries, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION

This matter came on before the court on September 9, 2005, in Greensboro, North

Carolina, upon the Defendant's Motion for Partial Judgment on the Pleadings.  Jeffrey E.

Oleynik and C. Scott Meyers appeared on behalf of the Plaintiff. J. Michael Booe and Sara W.

Higgins appeared on behalf of the Defendant.  After considering the arguments of counsel and

the documents in the record, the Court makes the following conclusions:

<u>Standard for Judgment on the Pleadings</u>

When, after a complaint and answer have been filed, a defendant makes a motion for

judgment on the pleadings pursuant to F.R.C.P. 12(c), the court must treat the defendant's

motion as one for dismissal of the complaint for failure to state a claim pursuant to F.R.C.P.

12(b)(6).[1] <u>Edwards v. City of Goldsboro</u>, 178 F.3d 231 (4th Cir. 1999); <u>John S. Clark Co., Inc.,</u>

<u>v. United Nat'l Ins. Co.</u>, 304 F. Supp. 2d 758 (M.D.N.C. 2004).  When considering a defendant's

---

[1] F.R.C.P. 12(b)-(h) is made applicable to adversary proceedings by Bankruptcy Rule 7012.

motion for judgment on the pleadings, a court must accept all well pleaded factual allegations in the non-moving party's pleading as true and draw all inferences in favor of the non-moving party. Edwards, 178 F.3d at 248; Frey v. Bank One, 91 F.3d 45, 46 (7th Cir. 1996). A court should not enter judgment on the pleadings in favor of a defendant "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." John S. Clark Co., 304 F. Supp. 2d at 765; quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In determining a motion for judgment on the pleadings, a court may consider the pleadings and all written documents attached to the pleadings. F.R.C.P. 10(c)[2]; N. Indiana Gun & Outdoor v. City of South Bend, 163 F.3d 449, 452 (7th Cir. 1998). Therefore, for the limited purpose of considering the Defendant's Motion for Partial Judgment on the Pleadings, the court shall accept the factual allegations contained in the Plaintiff's Complaint as true.

Statement of Factual Allegations

The Plaintiff is a North Carolina corporation. For several years prior to filing bankruptcy, the Plaintiff was in the business of manufacturing and selling personal care products. These products included a variety of oils and lotions manufactured for personal use. The Defendant is an Illinois corporation in the business of purchasing a variety of personal care products from different manufacturers and assembling these products into kits for consumer use. The Defendant was a customer of the Plaintiff. The Plaintiff and the Defendant had an ongoing business relationship for a number of years prior to the incidents that lead to this litigation.

On March 1, 2004, the Plaintiff discovered that a certain batch of its two ounce baby lotion product might be contaminated with bacteria. The Plaintiff issued a written recall notice to the Defendant on March 22, 2004. The Plaintiff limited the recall notice to two ounce bottles

---

[2] F.R.C.P. 10 is made applicable to adversary proceedings by Bankruptcy Rule 7010.

2

of baby lotion produced in lot #30990253.  Subsequent to the Plaintiff's recall notice, the

Defendant instituted a recall of products manufactured by the Plaintiff.  See Exhibit A.  The

Defendant's recall notice contained the following statement (the "Defendant's Recall

Statement"):

> This letter is to inform you that Medline Industries, Inc. has received a Recall
> Notice from Natural Care Labs.  While Natural Care produces for other suppliers
> to the kit industry, Natural Care is only recalling one product and one lot that was
> manufactured for Medline.  We are concerned that there may be other product
> affected.  Patient safety is our primary concern and as a result we are withdrawing
> the enclosed list of products.  We have expanded the recall to include all lotions
> made prior to January 9th 2004 and all oils.  Some of these products may be
> contaminated with a bacteria or fungus.

The Defendant did not limit the recall to the lot number indicated by the Plaintiff or the product

type and size indicated by the Plaintiff.  Rather, the Defendant recalled all two and four ounce

baby lotion, all hand and body lotion, and all baby and bath oil manufactured by the Plaintiff.

After the product recall, the parties' relationship soured.  The Plaintiff disputes the

propriety of the Defendant's handling of this recall.  In particular, the Plaintiff takes issue with

the scope of the products recalled by the Defendant and the method by which the Defendant

recalled the products.  The Defendant denies any impropriety and, instead, claims damages

suffered because of the Plaintiff's actions.

Procedural History

On November 12, 2004, the Plaintiff filed a petition for protection under Chapter 11 of

the Bankruptcy Code.  In that proceeding, the Defendant filed a proof of claim form indicating a

secured claim of $376,172.47 and an unsecured claim of $66,648.68.  On May 18, 2005, the

Plaintiff initiated this proceeding by filing an eight-count Complaint.  The first four counts of the

Complaint allege various breach of contract claims, including a claim for breach of good faith

3

and fair dealing.  The fifth claim requests payment of the account as stated by the Plaintiff.  The sixth count alleges that the Defendant defamed the Plaintiff in the recall notice issued by the Defendant.  The seventh count alleges that the Defendant's actions in relation to the recall violated the North Carolina Unfair and Deceptive Trade Practices Act.  The final count of the Complaint is an objection to the Defendant's claim in the Plaintiff's Chapter 11 proceeding.

The Defendant answered the Complaint by denying that the Plaintiff was entitled to recover for any actions taken by the Defendant.  In addition to this general denial, the Defendant alleged seventeen affirmative defenses.  Concurrent with filing its answer, the Defendant filed this Motion for Partial Judgment on the Pleadings.  In its motion, the Defendant requests judgment on three points of law.  First, the Defendant states that the court should find that the defamation count of the Complaint fails to state a claim for which the Plaintiff may obtain relief because the Defendant's statements were not defamatory.  Alternatively, the Defendant seeks judgment that the Plaintiff cannot recover for any defamatory statements because such statements were privileged.  Second, the Defendant states that, because it has committed no defamatory acts it is entitled to judgment that the Plaintiff cannot recover under its claim of unfair and deceptive trade practices.  Finally, the Defendant requests that the court enter a judgment that the Defendant, if found liable for unfair and deceptive trade practices, could not be held liable for treble damages under North Carolina law because the Defendant's actions took place outside of the jurisdiction of the statute.

<u>Discussion</u>

I. The Defamation Claim

A. Could the Defendant's Recall Statement be Considered Defamatory?

4

In its Complaint, the Plaintiff alleges that the Defendant's Recall Statement is defamatory. Specifically, the Plaintiff alleges that the Defendant's statements regarding the scope of the recall defamed the Plaintiff. In its motion, the Defendant's first request for judgment on the pleadings seeks for the court to rule that the Defendant's Recall Statement does not defame the Plaintiff.

Under North Carolina law, the term defamation applies to the two torts of libel and slander. Boyce & Isley, PLLC, v. Cooper, 568 S.E.2d 893, 898 (N.C. App. 2002). False words contained in a written statement will be libelous *per se* if "when considered alone without explanatory circumstances…[the written statement] tends to impeach a person in that person's trade or profession." Id.; quoting Phillips v. Winston-Salem/Forsyth County Bd. of Educ., 450 S.E.2d 753, 756 (N.C. App. 1994). In an action for libel *per se*, malice and damages are presumed by proof of publication. Andrews v. Elliot, 426 S.E.2d 430, 432 (N.C. App. 1993).

In this proceeding, the Plaintiff's Complaint specifically pleads the elements necessary to support a claim for libel per se. In Count VI of the Complaint, the Plaintiff states that (i) the statements contained in the Defendant's recall notice were false and misleading; (ii) that the Defendant published these statements in its recall notice; and (iii) that these statements damaged the Plaintiff's business reputation. The Plaintiff has precisely plead the elements of libel *per se* and, if these allegations are proven at trial, the Plaintiff could recover for the Defendant's actions. Hence, given the light burden of proof that the Plaintiff must meet to defeat this motion, the court will not enter judgment finding that the Plaintiff cannot obtain relief under Count VI of the Complaint.

B. Is the Defendant Protected by a Qualified Privilege?

5

In its motion, the Defendant alternatively seeks for the court to find that, even if the Plaintiff has plead the elements of defamation, the Defendant's Recall Statement is protected by a qualified privilege.  The defense of qualified privilege arises when a defendant makes an otherwise defamatory statement (i) in good faith; (ii) on a subject matter in which the declarant has an interest, right, or duty; (iii) to a person with a corresponding interest, right, or duty; (iv) on a privileged occasion; and (v) in a manner warranted by the occasion and the interest, right, or duty.  Averitt v. Rozier, 458 S.E.2d 26, 29 (N.C. App. 1995); quoting Shillington v. K-Mart Corp., 402 S.E.2d 155, 159 (N.C. App. 1991).  The existence of the privilege is a question of law, unless the circumstances surrounding the statement are in dispute, in which case the existence of the privilege is a question of law and fact.  Averitt, 458 S.E.2d at 29.  In determining this motion, the court can find that this defense applies only if the Complaint, when taken on its face, pleads each element of the defense.  Presnell v. Pell, 260 S.E.2d 611, 614 (N.C. 1979).

When taking the Plaintiff's allegations as true and making all inferences in favor of the Plaintiff, the court cannot find that the Complaint pleads the elements of the qualified privilege.  The court finds two elements of the defense are disputed in the Complaint.  First, in Count VI of the Complaint, the Plaintiff alleges that the Defendant "unnecessarily" recalled certain of the Plaintiff's products.  Making all inferences in favor of the Plaintiff, the court finds that this allegation disputes that the statement made by the Defendant was made in a manner warranted by the occasion and the interest, right, or duty.  Second, in Count III of the Complaint, which is incorporated by reference to Count VI of the Complaint, the Plaintiff alleges that the Defendant breached its duty of good faith and fair dealing when the Defendant expanded the recall.  The Complaint states that "by instituting this unnecessary recall of various Natural Care products and

6

telling its customers that the products were potentially contaminated, Medline has breached its duty of good faith and fair dealing." When taking this allegation as true and making all inferences in favor of the Plaintiff, the Court finds that this allegation disputes that the Defendant made its statements in good faith. While this appears to be a situation for which the defense of qualified privilege is designed, the Plaintiff's Complaint disputes two elements of this defense. As such, the court cannot find that the defense applies as a matter of law. Therefore, the Defendant is not entitled to judgment on the pleadings with regard to the Plaintiff's claim of defamation.

 II. The Unfair and Deceptive Trade Practices Claim

 The Defendant moves the court to enter a judgment that the Plaintiff may not recover under Count VII of the Complaint. Count VII alleges that the Defendant violated the North Carolina Unfair and Deceptive Trade Practices Act. N.C. Gen. Stat. §75-1.1 (2003). The North Carolina statute prohibits unfair or deceptive acts that affect commerce. Ellis v. Northern Star Co., 388 S.E.2d 127, 131 (N.C. 1990). Initially, the court notes that, in North Carolina, defamation can serve as the basis for an unfair and deceptive trade practices claim. Id. In support of its motion, the Defendant states that the only instance of unfair or deceptive trade practices alleged by the Plaintiff is the Defendant's Recall Statement. The Defendant states that, because it should not be held liable for defamation relating to the recall notice, the Defendant should not be liable for unfair and deceptive trade practices. Given that the court denied the Defendant's motion for judgment with regard to the Plaintiff's defamation claim, the court must also deny the Defendant's request for judgment on the pleadings on the Plaintiff's unfair and deceptive trade practices claim. If the Plaintiff were to prove the allegations contained in its Complaint, the

Plaintiff would be entitled to recover damages for unfair and deceptive trade practices. Therefore, judgment on the pleadings in favor of the Defendant is inappropriate.

   III.  Can the Defendant be Liable for Treble Damages for Contacts with its Customers Located Outside the State of North Carolina?

   Finally, the Defendant moves the court to enter judgment that, assuming that the Defendant were found liable for unfair and deceptive trade practices, the Defendant would not be liable for treble damages under the North Carolina Unfair and Deceptive Trade Practices Act with regard to its customers outside of the state of North Carolina.  Relying heavily on American Rockwool, Inc., v. Owens-Corning Fiberglas Corp., the Defendant argues that application of the treble damages portion of the North Carolina statute to the extraterritorial behavior of potential defendants violates the Due Process Clause of the Constitution.  640 F.Supp. 1411, 1436 (E.D.N.C. 1986). [3]

   The court finds that this issue is not ripe for resolution.  The ripeness of an issue for judicial resolution is analyzed in two parts: (i) the fitness of the issue for judicial decision; and (ii) the hardship on the parties of withholding a decision at the present time.  Virginia Soc'y for Human Life v. Fed. Elec. Comm'n, 263 F.3d 379, 390 (4th Cir. 2001); see also Allen v. Williams, 254 F. Supp. 2d 614, 625 (E.D. Vir. 2003).  An issue is fit for judicial decision when there are no factual developments that would aid a court in making a decision.  Allen, 254 F. Supp. 2d at 625.  In this matter, the issue of the Defendant's liability for treble damages is not fit for judicial decision.  First, the facts, as developed in later proceedings, could show that the Defendant has no liability under the North Carolina statute.  In that case, a ruling on this issue

---

[3]The court notes that the factual situation presented in American Rockwool is different than the facts plead in the Complaint.  The American Rockwool case involved a corporation operating in Arizona alleging defamation and unfair trade practices against a corporation operating in Ohio.  640 F.Supp. at 1419, 1427.  None of the allegedly defamatory conduct occurred in North Carolina.  Id. at 1427.  As such, while this court does not dispute the reasoning of American Rockwell, the potential factual differences between these two situations are significant.

would be premature.  Second, as the parties illustrated at the hearing on this matter, it is unclear

how much, if any, of the Defendant's allegedly tortious conduct took place within the

jurisdiction of the North Carolina statute.  Such facts have direct bearing on the Defendant's

liability for treble damages.  If the facts show that the Defendant defamed the Plaintiff and that

the Defendant's defamatory conduct occurred within the jurisdiction of the statute, treble

damages could be appropriate.  Northern Star, 388 S.E.2d at 131 (the North Carolina Supreme

Court finding that a Minnesota potato processor could be subject to treble damages for a libelous

letter mailed to customers in North Carolina).  However, if the facts show that the Defendant's

conduct occurred outside of the jurisdiction of the statute, treble damages would be

inappropriate.  American Rockwool, 640 F.Supp. at 1436. Therefore, because the development

of facts in several areas of this case would aid in the court's decision, the issue of the

Defendant's liability for treble damages under the North Carolina Unfair and Deceptive Trade

Practices Act is not ripe for judgment.

     Further, the court notes that there is little hardship on the parties of withholding a

decision at this time.  Assuming for the sake of argument that the issue was fit for decision at the

present time, an entry of judgment by the court would do little to alter the course of this

litigation.  The Plaintiff would still be required to prove all elements of any alleged unfair and

deceptive trade practice.  Further, the Plaintiff would still be required to prove damages resulting

from these acts.  Presumably, the Defendant would still dispute the Plaintiff's allegations of

wrongdoing and damages.  The sole difference would arise when, after all issues of liability and

damages had been tried and found in the plaintiff's favor, the court would either treble the

damages or not.  Hence, because the parties would have to conduct a trial on the same issues

regardless of the court's decision at this time, the court finds that any hardship on the parties by the court withholding its decision is slight.

Conclusion

The court, when accepting all allegations in the Plaintiff's Complaint as true and drawing all inferences in favor of the Plaintiff, cannot find that the Defendant is entitled to judgment on the pleadings as requested in its motion.   An Order shall be entered concurrently with this Memorandum Opinion denying the Defendant's Motion for Partial Judgement on the Pleadings.

# SERVICE LIST

Jeffrey E. Oleynik
C. Scott Meyers
P. O. Box 26000
Greensboro, NC 27420

J. Michael Booe
4700 Hearst Tower
214 N. Tryon Street
Charlotte, NC 28202

Dirk Siegmund
P. O. Box 3324
Greensboro, NC 27402

Michael D. West
P. O. Box 1828
Greensboro, NC 27402